UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD A. KUBISTY,

    Plaintiff,

v.                                    Case No. 6:17-cv-1357-Orl-37TBS

OCEANS LUXURY REALTY, INC.;
ANTHONY WILLIAMS; SA 2011, LLC;
HERSHY KUMAR; and DOES 1
THROUGH 5,

    Defendants.
_____

## ORDER

This cause is before the Court on the Complaint and motion for temporary restraining order ("**TRO Motion**") filed by *pro se* Plaintiff Edward A. Kubisty on July 24, 2017.[1] (Doc. 1.) Contemporaneous with the filing of the Complaint, Plaintiff also moved to proceed *in forma pauperis*. (Doc. 2 ("**IFP Motion**").)

According to the Complaint, Plaintiff is a sixty-four-year-old disabled tenant of an apartment complex in Daytona Beach, Florida ("**Property**").[2] (*Id.* ¶ 4; *see also id.* ¶¶ 21–22, 27.) The Property is operated by Defendant Oceans Luxury Realty, Inc. ("**Oceans**

---

[1] Plaintiff embedded his TRO Motion within his Complaint. (*See* Doc. 1.) By doing so, Plaintiff violated Local Rule 4.05(b)(1), which provides that "[a] request for the issuance of [a] temporary restraining order should be made by a *separate* motion"(emphasis added).

[2] The Complaint alleges that Plaintiff suffers from "end stage heart failure, [c]oronary [a]rtery [d]isease, [c]hronic COPD [d]iabetes, high blood pressure, [c]hronic urinary retention, severe peripheral neuropathy, depression, and anti-social personality disorders." (Doc. 1, ¶ 17.)

-1-

**Realty**"). (*See id.* ¶¶ 21–22, 27.) Plaintiff has been a resident at the Property since February 16, 2017, but his current lease is set to expire on July 31, 2017. (*Id.* at ¶¶ 16, 58.) As evidenced by the allegations in the Complaint, Oceans Realty has elected not to renew Plaintiff's lease due to his failure to timely consent to an inspection of his apartment. (*See id.* ¶¶ 46–57.)

Specifically, the Property manager notified Plaintiff on June 20, 2017, that he needed to inspect the apartment within the next week. (*Id.* ¶¶ 46–49.) Plaintiff initially refused to consent on the grounds that he was very ill, he did not wish to be bothered, and such inspections had historically been done at the time of the lease renewal. (*Id.* ¶¶ 48, 50.) The Property manager then returned to Plaintiff's apartment on June 26, 2017, and again requested to conduct an inspection. (*Id.* ¶ 51.) Once more, Plaintiff refused and, referencing his heart condition, requested that the manager accommodate him by deferring the inspection until the time of his lease renewal. (*Id.* ¶ 53.) After the Property manager warned Plaintiff that renewal was contingent on the completion of an inspection that day, Plaintiff shut the door on him. (*Id.* ¶ 54.) Plaintiff was later informed that his lease would not be renewed and that he must vacate the premises by July 31, 2017. (*Id.* ¶ 57.)

Based on the foregoing, the Complaint seeks relief under the Fair Housing Act ("**FHA**") and various Florida statutes. (*See id.* ¶¶ 1–2, 9–15, 64–65 *and* p. 8 (containing Plaintiff's prayer for relief).) Primarily, Plaintiff alleges that Defendants violated the FHA by refusing to renew his lease in retaliation for his request for a reasonable accommodation. (*Id.* ¶¶ 64–65.) Hence Plaintiff seeks a TRO, preliminary injunction, and

permanent injunction to prevent Defendants from terminating his tenancy. (*Id.* at 8.)

As an initial mater, a court may only issue preliminary and permanent injunctions on notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Due to the nature of the relief requested, and because Plaintiff fails to indicate whether he has provided Defendants with notice, the Court assumes that Plaintiff seeks only a TRO at this juncture.

A Court may issue an *ex parte* TRO only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b). Local Rule 4.05 also imposes a number of additional requirements, including that the party seeking such relief must submit a brief or legal memorandum addressing: (1) the likelihood that the moving party will ultimately prevail on the merits of the claim; (2) the potential harm that might be caused to the opposing parties or others if the order is issued; and (3) the public interest, if any.[3]

Most notably, Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Indeed, on July 26, 2017, U.S. Magistrate Judge Thomas B. Smith issued a Report recommending that the Court deny the IFP Motion and dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 5 ("**R&R**").) The R&R first concludes that Plaintiff has failed to sufficiently plead an FHA claim because: (1) the Property manager

---

[3] The foregoing is not an exhaustive list of the prerequisites for the issuance of a TRO. True enough, the TRO Motion fails to satisfy many of the requirements listed in Rule 65 and Local Rule 4.05.

returned six days after his initial request to inspect the apartment, thus accommodating Plaintiff's implicit request that the inspection be deferred; (2) Plaintiff failed to allege "how allowing inspection only at the expiration of the lease is a necessary accommodation to his disabilities"; and (3) Plaintiff has not pled plausible facts to show that his request was reasonable—particularly given the lease provision (attached to the Complaint) concerning the landlord's right to enter the premises for inspections upon reasonable notice. (*Id.* at 7–9.) The R&R next recommends that the Court decline to exercise jurisdiction under the Declaratory Judgment Act due to the existence of a pending state court action "containing almost identical allegations and seeking the same relief." (*Id.* at 9–10.) And despite his recommendation that the Court provide Plaintiff with an opportunity to amend his Complaint, the R&R also voices Magistrate Judge Smith's skepticism concerning whether this court is the correct forum for the instant landlord-tenant dispute.[4] (*Id.* at 10.)

Upon consideration of the findings and recommendations set forth in the R&R, the allegations in the Complaint, and the lease attached to the Complaint (Doc. 1-1, p. 4), the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims—at least in federal court.[5] Accordingly, it is **ORDERED AND ADJUDGED**

---

[4] There can also be no diversity jurisdiction over the remaining state claims, as the Complaint alleges that Plaintiff and Oceans Realty are both citizens of Florida. (Doc. 1, ¶¶ 4, 5.)

[5] In the future, the Court encourages Plaintiff to take advantage of the in-person legal information program ("**Clinic**") available to *pro se* plaintiffs. This free Clinic occurs every Tuesday between 11:00 a.m. and 12:30 p.m. at the George C. Young U.S. Courthouse, 401 W. Central Blvd., Orlando, Florida 32801. Additional information is included in the electronic brochure available at

that Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction for Protection from Unlawful Eviction, Utility Termination, or Breach of Quiet Enjoyment (Doc. 1) are **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 27, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party

---

https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Orlando_Division.pdf.